IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| BILLIE JOE CHAPMAN, | ) | 8:11CV73 |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| STATE OF NEBRASKA, | ) | |
| Respondent. | ) | |

This matter is before the court on initial review of Billie Joe Chapman's ("Chapman") Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus ("Petition") to determine whether Chapman's claims, when liberally construed, are potentially cognizable in federal court.

## I. SUMMARY OF PETITION

Chapman filed his Petition in this court on February 18, 2011. (Filing No. 1.) Chapman is currently being held in the Pottawattamie County Jail in Council Bluffs, Iowa, on charges of attempted murder, first degree burglary, going armed with intent, willful injury causing serious injury, assault with a dangerous weapon and carrying weapons. (*Id*. at CM/ECF pp. 17, 21.) Chapman has not been convicted of these charges but argues that his arrest and current detention are illegal. (*Id*. at CM/ECF pp. 14-15.) Chapman was arrested in Nebraska as a "fugitive" from Iowa and held in the Douglas County Correctional Center in Omaha, Nebraska, until officials from Iowa came to get him. (*Id*. at CM/ECF pp. 20-22, 24-27; *see also* Filing No. 7.)

## *II. ANALYSIS*

Pursuant to 28 U.S.C. § 2254, "[t]he Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody *pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). In a criminal case, the sentence is a final judgment. *Burton v. Stewart*, 549 U.S. 147, 156-57 (2007).

As discussed above, Chapman is being held on criminal charges in Iowa. (Filing No. 1 at CM/ECF pp. 14-15, 21.) He has not been convicted of these charges nor sentenced. Consequently, Chapman is not being held "pursuant to the judgment of a State court" and may not seek relief under section § 2254. 28 U.S.C. § 2254(a).

Although Chapman cannot seek relief under 28 U.S.C. § 2254, the court may exercise jurisdiction over the Petition pursuant to the broader habeas corpus statute in 28 U.S.C. § 2241. Section 2241 authorizes a federal court to issue a writ of habeas corpus to any pretrial detainee who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241; *see also Huff v. Virginia*, 2008 WL 2674030, at *2 (E.D.Va. July 7, 2008) ("A person held in [state] pre-trial detention would not be in custody pursuant to the judgment of a State court. Such a prisoner would file an application for a writ of habeas corpus governed by § 2241 only.") However, the proper venue for a § 2241 proceeding is the prisoner's district of confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). Because Chapman was being held as a "fugitive" from Iowa and is now is confined in the Southern District of Iowa on charges under Iowa law, he must bring his petition in that district and name the warden of the facility where he is confined. (Filing No. 1 at CM/ECF pp. 20-22, 24-27; *see also* Docket Sheet.) Indeed, Chapman has filed a Motion to Amend his Petition and a Motion to Add Stu Delacastro, the Administrator of the Pottawattamie County Jail, as a Respondent in this matter. (Filing Nos. 5 and 14.)

In light of these findings, and Chapman's pro se status, the court will transfer this matter, "in the interest of justice," to the United States District Court for the Southern District of Iowa. *See* 28 U.S.C. § 1631; *see also Lopez v. Heinauer*, 332 F.3d 507, 511 (8th Cir. 2003) (Section 1631 authorizes a federal court that lacks jurisdiction over a case to transfer the case to a proper federal court).

IT IS THEREFORE ORDERED that:

1. The District of Nebraska is an improper venue for Chapman's Petition. However, in the interests of justice, and in light of Chapman's pro se status, the court will transfer this case to the Southern District of Iowa, a proper venue.

2. The Clerk of the court is directed to transfer this matter to the United States District Court for the Southern District of Iowa in accordance with this Memorandum and Order.

3. The Clerk of the court shall close and terminate this case in the District of Nebraska.

DATED this 29th day of March, 2011.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.